# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Universal Property & Casualty Insurance Company,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Darrin Rogers, Donna Rogers, B. Ross, By Her Parent and Guardian Casijo Ross and Casijo Ross Individually,<br><br>　　　　　　Defendants. | C/A: 2:20-cv-3041-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendants B. Ross, By Her Parent and Guardian Casijo Ross and Casijo Ross Individually's (collectively the "Ross Defendants") motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 7). For the reasons set forth below, the Court denies the Ross Defendants' motion.

## I.   Background

This declaratory judgment action arises out of a dog bite incident that occurred on March 19, 2020. B. Ross, a minor, was injured by a dog while playing on or near the premises of Defendants Darrin Rogers and Donna Rogers. The Rogers allegedly owned the dog. On June 3, 2020, the Ross Defendants sued the Rogers in the Court of Common Pleas of Beaufort County for B. Ross's injuries. *See B. Ross, by her Parent and Guardian Casijo Ross and Casijo Ross Individually v. Darrin Rogers and Donna Rogers*, Case Number 2020-CP-07-01125 (the "Underlying Action"). The Underlying Action is ongoing.

On September 17, 2020, Plaintiff Universal Property & Casualty Insurance Company ("Universal") commenced this declaratory judgment action against the Ross and Rogers Defendants. Universal alleges it issued an insurance policy to Darrin Rogers on July 24, 2019, policy number 6701-0900-0464 (the "Policy"), with effective dates of July 24, 2019 through July

24, 2020. (Dkt. No. 1 at 2).  Under the Policy, Darrin Rogers is a named insured.  Donna Rogers, alleged to be Dennis' wife, is also a named insured.  The Policy insures "the Rogers' home and its interior contents, and contains personal liability and medical payments coverages." (*Id.* at 3). Universal also contends, however, that the Policy contains an animal liability exclusion. (*Id.* at 4). Universal thus seeks a declaration from this Court that it "has no duty to defend the Rogers Defendants and there is no coverage for the Ross Defendants arising out of the dog bit[e] incident from March 19, 2020." (*Id.*).

On September 17, 2020 the Ross Defendants filed a motion to dismiss arguing that the Court should decline jurisdiction over this action. (Dkt. No. 7).  On September 22, 2020 Universal filed a response in opposition. (Dkt. No. 9).  The Ross Defendants' motion is fully briefed and ripe for disposition.

**II.**     Law and Analysis

The Declaratory Judgment Act grants courts the discretion to decide whether to entertain a declaratory judgment. *See* 28 U.S.C.A. § 2201 (2006) (providing that the court "may," under certain circumstances, declare the rights and other relations of parties). There are guideposts for exercising this discretion. A district court should generally entertain a declaratory judgment when the declaratory relief sought will (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937).

The Fourth Circuit has given additional aides to guide a district court's exercise of its discretion when contemplating entertaining a declaratory judgment action where the issues underlying that declaratory judgment are the subject of pending state court litigation. Here,

considerations of federalism, efficiency, and comity come into play. *Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992). In evaluating these factors, the district court considers (1) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state court; (2) whether the issues raised in the federal action can be resolved more efficiently in the court where the state action is pending; and (3) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the state and federal systems due to "overlapping issues of fact or law." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376-77 (4th Cir. 1994) (overruled on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). The district court is also concerned with "procedural fencing," which has been described as the racing to federal court by one party "in an effort to get certain issues that are already pending before the state courts resolved first[,] in a more favorable forum." *Id.* at 380.

The Court finds this action will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Aetna Cas. & Sur. Co.*, 92 F.2d at 325. In reaching this conclusion, the Court finds instructive *Capitol Preferred Ins. Co., Inc. v. Hipps*, No. 3:08-2040-JFA, 2009 WL 10678207 (D.S.C. Feb. 13, 2009). In *Hipps*, an insurance company brought a declaratory judgment action against its insured and injured third parties to determine whether the insured's homeowner's policy provided coverage for "two dog bite incidents." *Id.* at *1. Insurer argued that the policy "did not provide coverage due to an animal liability exclusion." *Id.* Insureds filed a motion to dismiss, arguing that the court should "abstain from exercising jurisdiction" because of two pending state court actions. The court denied the insureds' motion to dismiss, however, noting "This case is a run-of-the-mill declaratory judgment regarding

insurance coverage, and if the court ought to kick it out at the threshold, it would be hard for an insurance company to ever bring such a declaratory judgment." *Id.* at *3-4 (analyzing and finding that *Aetna* and *Mitcheson* weighed in favor of the Court maintaining insurer's declaratory judgment action). The *Hipps* court found that deciding the insurer's "lawsuit . . . would provide great clarity to the legal relationship between [the insurer], the [insureds], and [the injured parties], and it would completely resolve [the parties' collective] uncertainty about coverage." *Id.*

The Court finds the same is true here. As it regards the first *Mitcheson* factor, while the state has an interest in "issuing procurements on its laws, and it is true that this declaratory judgment involves only questions of state law . . . this [C]ourt unquestionably possesses diversity jurisdiction in this matter, and state law issues will almost always dominate the landscape in diversity, regardless of whether the claims in an action would not be otherwise removable to federal court." *Id.* at *3. Further, though the Underlying Action is currently pending in state court, Universal is not a party to that action. (Dkt. No. 7-2 at 1). Therefore, because this action "concerns only the question of insurance coverage"—an issue the jury in the Underlying Action will not determine—the first *Mitcheson* factor weights in Universal's favor.

The second *Mitcheson* factor also weighs in Universal's favor. While Universal could potentially intervene in the Underlying Action, "this does not mean state court provides the most efficient forum. This litigation . . . is pending here and now, and this coverage dispute ought not involve a great deal of discovery." *Hipps*, 2009 WL 10678207, at *3. Therefore, "[e]fficiency, in this case, does not cut in favor of dismissal." *Id.*

The third *Mitcheson* also weighs in favor of Universal. The Ross Defendants argue this action will create an "unnecessary risk of entanglement between the [state and federal] court

systems" because the "common legal and factual issues between this action and the underlying state-court action are central to both cases." (Dkt. No. 7-1 at 4). As shown in *Hipps*, however—a case for all intents and purposes factually indistinguishable from this matter—"the questions of state law [regarding animal exclusions in insurance contracts] are not difficult and would not be part-and-parcel of the resolution of the state court action." *Hipps*, 2009 WL 10678207 at *3 (noting that "[t]he question of coverage will not be litigated in the pending state court actions, and this court is aware of no facts supporting the assertion by some of the defendants that allowing this declaratory judgment to continue will force them to 'litigate this case . . . in two different court systems.'"). The Court therefore finds that this action does not create an unnecessary risk of entanglement between the state and federal court systems and rejects the Ross Defendants' contention to the contrary.

Finally, the Court finds no evidence of "procedural fencing."[1] The Ross Defendants argue that "Universal has come to the federal court in an effort to have the coverage issues decided before those same issues are addressed in the context of the state proceedings." (Dkt. No. 7-1 at 5). This statement, however, is incorrect. Universal is not a party to the Underlying Action. *See id.*; *see also* (Dkt. No. 7-2) (attaching a copy of the complaint in the Underlying Action showing that Universal is not a named defendant). Thus, contrary to the Ross Defendants' assertion otherwise, the Underlying Action will not decide coverage issues related to the Policy and therefore will not decide "the same issues" that will be addressed here. *Hipps*, 2009 WL 10678207, at *4 (finding no procedural fencing and noting that "the validity of a

---

[1] Procedural fencing means "that the action is merely the product of forum-shopping." *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (finding no procedural fencing where "[t]here is a live and serious question of whether the assault and battery exclusion in the policy issued to A.J.Z. applies, and the evidence in the record leads to the conclusion that Penn–America has appropriately sought a declaratory judgment in federal court to clarify and settle the issue").

policy exclusion will rarely be litigated in a tort case that drives an insured to make a claim under the policy").

### III.     Conclusion

For the foregoing reasons, the Court **DENIES** the Ross Defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 7).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

October 13, 2020
Charleston, South Carolina